**STONE LAW GROUP, PLC**
Shawn L. Stone, Bar No. 23558
Mallory Powers, Bar No. 30384
3030 N. 3rd Street, Suite 200
Phoenix AZ 85012
Tel: (602) 264-0500 / Fax: (602) 264-0501
slstone@stonelawaz.com
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| WILLIAM TURNER,<br><br>       Plaintiff,<br><br>v.<br><br>TRANSWORLD SYSTEMS, INC., a California corporation,<br><br>       Defendant. | Case No.: _____<br><br>**VERIFIED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff alleges as follows:

## **PRELIMINARY STATEMENT**

1.   This action arises under the Federal Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*.

Background On The Fair Debt Collection Practices Act

2.   In enacting the Fair Debt Collection Practices Act in the 1970s (hereinafter "FDCPA"), the United States Congress made findings of fact that the use of abusive, deceptive, and unfair debt collection practices by many debt collectors were contributing to a number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. *See* 15 U.S.C. 1692(a). Congress further found that existing laws and procedures for

redressing these injuries are inadequate to protect consumers. *See* 15 U.S.C. 1692(b). Additionally, Congress found abusive debt collection practices were carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce. *See* 15 U.S.C. 1692(d). Congress stated its purpose in enacting the FDCPA was to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

<u>United States Bureau Of Consumer Financial Protection Finds Illegal Debt Collection Equally Harmful To Both Consumers and "Law Abiding" Debt Collectors</u>

3. In October of 2012, the United States Bureau of Consumer Financial Protection, or CFPB, made findings that debt collection is a multi-billion-dollar industry that directly affects a large number of consumers. The CFPB found that in 2012, approximately 30 million individuals, or 14 percent of American adults who have credit reports, had debt that was subject to the collections process. The CFPB further found that by the collection of consumer debt, collectors reduce creditors' losses from non-repayment and thereby help to keep credit accessible and more affordable to consumers. But, the CFPB found that debt collection performed in illegal ways has the potential to cause consumers substantial harm. If collectors falsely represent amounts owed, consumers may pay debts they do not owe simply to stop collection efforts or because they are unsure how much they owe. In addition, consumers may unintentionally yield their rights, such as by waiving the statute of limitations on debt claims for which the relevant limit periods have

expired. Whether or not consumers owe and are liable for the debts collectors are attempting to recover, unlawful collection practices can cause significant reputational damage, invade personal privacy, and inflict emotional distress. Among the possible consequences, a collector's inappropriate interference with a consumer's employment relationships can also impair the consumer's ability to repay debts. *See* Rules and Regulations of the Bureau of Consumer Financial Protection, Summary of the Final Rule. 12 CFR Part 1090.

4. Of interesting note, the CFPB made findings that Federal consumer financial law promotes fair competition in the debt collection marketplace. To the extent that unfair, deceptive, or abusive practices increase collectors' rate of recovery on debts subject to collection, debt collectors that avoid such practices could be at a competitive disadvantage. By placing important parameters on debt collection activities, the FDCPA was meant in part to ensure that those that refrain from improper practices in debt collection are not thereby competitively disadvantaged. *See* Footnote 26 to Rules and Regulations of the Bureau of Consumer Financial Protection, Summary of the Final Rule. 12 CFR Part 1090.

## JURISDICTION & VENUE

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

6. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

7. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here and Defendant Corporation transacts business here.

## PARTIES

8.     Plaintiff, William Turner ("Turner"), is a natural person who resides in the City of Chandler, County of Maricopa, State of Arizona, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9.     Defendant, Transworld Systems, Inc. ("Transworld"), is a debt collector with a primary operating address of 150 Crosspoint Parkway, Getzville, New York 14068 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

10.    Sometime prior to 2009, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, credit card debt in the alleged amount of approximately $9,000.00.

11.    Sometime prior to April 2015, Plaintiff's alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff; thereafter, Plaintiff received collection communications from Defendant in an attempt to collect this alleged debt.

12.    In April 2015, Plaintiff received a letter from Defendant in an effort to collect the alleged debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

13.    Said letter demanded payment of $13,815.56 on an account which Plaintiff had previously resolved with another collection agency.

14.     About May 4, 2015, Plaintiff spoke with Bob Mattucci, one of Defendant's collection employees. Plaintiff explained he had been on a three (3) year payment plan with another collection agency and the alleged debt had been resolved.

15.     Mr. Mattucci told Plaintiff that Defendant had no records of any payments havgin been made on the alleged debt but authorized to accept $8,328.00 to resolve the account.

16.     Mr. Mattucci offered Plaintiff a 12-month payment plan at $694.00 per month to resolve the alleged account.

17.     Plaintiff declined Mr. Mattucci's offer for reason that Plaintiff had paid over $6,000.00 to another collection agency and the alleged account had been resolved.

18.     Plaintiff has suffered actual damages as a result of these illegal collection communications by Defendant in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions.

## **TRIAL BY JURY**

19.     Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## **CAUSES OF ACTION**

### **COUNT I.**

### **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

### **15 U.S.C. § 1692 et seq.**

20.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*, with respect to Plaintiff.

22. 15 U.S.C. 1692e prohibits a debt collector from making any false, deceptive, or misleading representation or means in connection with the debt collection.

23. 15 U.S.C. 1692e(2) prohibits a debt collector from making a false or misleading representation relating to the character, amount, or legal status of the alleged debt.

24. 15 U.S.C. 1692f prohibits a debt collector from utilizing any unfair or unconscionable means to collect or attempt to collect the alleged debt.

25. § 1692f(1) prohibits a debt collector from attempting to collect any amount not authorized by the agreement creating the debt or permitted.

26. Defendant violated Sections 1692e, 1692e(2), 1692f and 1692f(1), by demanding payment of nearly $14,000.00 on an alleged debt which had been resolved by Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

- for an award of statutory damages of no less than $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3) against Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

DATED: June 1, 2015.

          STONE LAW GROUP, PLC

          / s /  Shawn L. Stone
          _____
          By:   Shawn L. Stone
                  Attorney for Plaintiff

## VERIFICATION OF COMPLAINT AND DECLARATION

I, William Turner, declare under penalty of perjury that the following facts are true and correct to the best of my knowledge, information and belief:

1. I am the Plaintiff in this civil proceeding against Transworld Systems, Inc.

2. I have read the above-entitled civil Complaint prepared by my attorney and believe all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant, cause unnecessary delay to any Defendant, or create a needless increase in the cost of litigation to any Defendant, named in the Complaint.

5. I file this civil Complaint in good faith and solely for the purposes set forth in it.

Date: 6-1-15                              _____
                                           William Turner